IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02574-MSK-MEH

LARRY J. RUSSOM,

    Plaintiff,

v.

JAMES JIMERSON,
JOSEPH HALLIGAN, and
PATRICIA MOSHER,

    Defendants.

## RECOMMENDATION ON MOTION TO AMEND

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's third Motion to Amend Pleading [filed May 16, 2008; doc #51]. By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). No answer or other responsive pleading has been filed and no one has appeared on behalf of the Defendants; nevertheless, the Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate

Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. *See T.V. Communs. Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992). Here, in the proposed Second Amended Complaint, Plaintiff seeks to add the Colorado Department of Corrections "Central Review Committee Unknown Names" as a Defendant in this action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 creates a cause of action where a "person . . . under color of any statue, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. §1983 (2008). State entities and state officials sued in their official capacities are not "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Central Review Committee of the Colorado Department of Corrections, as a state entity, is not a person that may be sued under Section 1983. Thus, amending the Amended Complaint to add the Central Review Committee itself would be futile.

Therefore, this Court respectfully **recommends** that the District Court deny Plaintiff's Motion to Amend Pleading [filed May 16, 2008; doc #51].

Dated at Denver, Colorado this 19th day of May, 2008.

                                                                BY THE COURT:

                                                                 s/ Michael E. Hegarty
                                                                 Michael E. Hegarty
                                                                 United States Magistrate Judge

---

Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).