IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02574-MSK-MEH

LARRY J. RUSSOM,

    Plaintiff,

v.

JAMES JIMERSON,
JOSEPH HALLIGAN, and
PATRICIA MOSHER,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Pending before the Court is a Motion to Stay Discovery filed by Defendants Jimerson and Halligan [filed May 19, 2008; doc #57]. The matter is briefed and has been referred to this Court for disposition [doc #59]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' Motion to Stay Discovery is **granted**.

**I.**     **Background**

Plaintiff instituted this action on December 11, 2007, then, upon the order of Magistrate Judge Boland, filed an Amended Complaint on March 6, 2008. In essence, Plaintiff alleges that his constitutional rights were violated when, on December 28, 2006, Defendants, all hearing "panel members" for the Colorado Department of Corrections, classified him as a sex offender pursuant to Colorado law. *See* Amended Complaint at 3 [doc #11]. On May 19, 2008, Defendants responded to the Complaint by filing a Motion to Dismiss [doc #56], together with the within Motion to Stay Discovery, alleging that until the question of whether they are entitled to qualified immunity is resolved, "discovery should not be allowed." *See* doc #57 at 2. Plaintiff responded to the Motion

to Stay, contending that because the Defendants are not entitled to qualified immunity, they "should not be allowed to delay this action or the factual discovery that may show violations of the Plaintiff's Constitutional Rights." Doc. #67 at 2.

## II. Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir.2001).

As stated above, Defendants filed a Motion to Dismiss the claims set forth in Plaintiff's Amended Complaint alleging, among other defenses, that they enjoy qualified immunity from Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendants.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed May 19, 2008; doc #57] is **granted**.  All discovery is hereby stayed in this case pending the District Court's ruling on Defendants' Motion to Dismiss.  The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending motion to dismiss.

Dated at Denver, Colorado, this 3rd day of June, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge