IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02574-CMA-MEH

LARRY J. RUSSOM,

    Plaintiff,

v.

JAMES JIMERSON,
JOSEPH HALLIGAN, and
PATRICIA MOSHER,

    Defendants.

---

**RECOMMENDATION ON MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Summary Judgment [filed April 28, 2008; docket #47] and a Motion to Dismiss filed by Defendants Jimerson and Halligan [filed May 19, 2008; docket #56]. By Order of Reference to United States Magistrate Judge, these matters have been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). The matters are fully briefed, and oral argument would not assist the Court in the determination of the motions. The Court recommends that, for the reasons stated herein, the Motion for Summary Judgment be **denied as moot** and the Motion to Dismiss be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

**BACKGROUND**

Plaintiff initiated this action on December 11, 2007. Upon the District Court's order, Plaintiff filed an Amended Complaint on March 6, 2008, which is the operative pleading in this case. Docket #11. Plaintiff alleges that, on December 28, 2006, Defendants Jimerson, Halligan and Mosher, all serving as hearing panel members for the Colorado Department of Corrections (CDOC), conducted a hearing to determine whether Plaintiff should be classified as an S-4 sex offender.[2] Despite Plaintiff's objection to the classification, the Defendants found in favor of classifying Plaintiff as an S-4 sex offender. Upon Plaintiff's request for review pursuant to Colo. R. Civ. P. 106(a)(4), the Logan County District Court remanded the matter to the CDOC to conduct another hearing on the matter. On October 10, 2007, a different panel determined not to classify the Plaintiff as an S-4 sex offender. Plaintiff then filed another request with the Logan County District Court that his 106(a)(4) review be reopened and his complaint amended to add a request for costs and attorney's fees, as well as an order reversing the original classification decision. Response at ¶ 8, docket #65. Plaintiff's motion to amend the state court complaint was granted on November 13, 2007. *Id.* He acknowledges in the Amended Complaint in this matter that his request for reversal

---

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]An S-4 classification includes "[i]ndividuals whose history indicates sexual assaults or deviance for which they may not have been convicted. These cases often involve plea bargains where the factual basis of the crime involved a sex offense. This category also includes misdemeanor convictions and juvenile convictions for sex offenses." *See Mariani v. Stommel*, 251 Fed. Appx. 536, 538 n.1 (10th Cir. 2007).

of the S-4 classification remains pending before the state court.[3] Docket #11 at 10.

On December 20, 2007, the CDOC Central Review Committee determined that the October 10, 2007 panel "failed in its duty" and overruled the panel's decision not to classify the Plaintiff as an S-4 sex offender. *Id.* Plaintiff was informed of the Central Review Committee's decision on January 23, 2008; thereafter, he moved to re-open this case and filed his Amended Complaint.

In response to the Amended Complaint in this matter, Defendants Jimerson and Halligan[4] filed the within Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants contend, among other things,[5] that this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which holds that a state prisoner may not seek damages in an action pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conviction or imprisonment unless the plaintiff can show that the conviction or sentence has been reversed, expunged or otherwise invalidated in state or federal court. Motion at 11, docket #56. Defendants argue that the matter of whether the Plaintiff should be classified as an S-4 sex offender is currently before the Logan County District Court and, therefore, Plaintiff has failed to demonstrate that the decision has been "reversed, expunged or otherwise invalidated." *Id.*

While the Plaintiff acknowledges that the matter is currently pending before the state court,

---

[3]The Plaintiff explains that he "responded by Briefs and Motions and on March 14, 2008 the Logan County District Court received the certified record and Russom filed an Opening Brief on May 1, 2008. Case ***pending*** the Answer by Defendants and reply by Russom before determination on Review of Record and Motions whether a reversal is granted." *Id.* (emphasis added).

[4]Jimerson and Halligan assert that Defendant Mosher is no longer employed by the CDOC and is not currently represented by the Colorado Attorney General.

[5]Notably, Defendants argue that any state tort claims asserted by Plaintiff should be dismissed as barred by the Colorado Governmental Immunity Act. In response to the motion, the Plaintiff certified with the Court that he is asserting no state tort claims in this action. *See* docket #76; *see also* docket #65 at 3 and docket #79.

he responds that this action is based entirely upon the October 10, 2007 invalidation of his classification and, thus, is properly before this Court pursuant to § 1983.

## DISCUSSION

### I. Standard of Review

#### A. <u>Dismissal under Fed. R. Civ. P. 12(b)(1)</u>

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

B.      Dismissal under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

C.      Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only

'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.   Motion to Dismiss

The Plaintiff raises a number of claims in his Amended Complaint, all of which stem from his classification as an S-4 sex offender: (1) violation of due process, (2) defamation, which the Plaintiff characterizes and the Court construes as a violation of Plaintiff's constitutional liberty interest, (3) violation of the "ex post facto" law, (4) abuse of departmental discretion, and (5) physical harm and emotional distress. Docket #11 at 5-9. The Court will address the viability of each of these claims in turn.

### A.   Constitutional Claims

#### 1.   *Younger* abstention doctrine

It is important to note that a court lacking jurisdiction must dismiss the case at any stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 514 (2006)); *see also Harris v. Ill.-Cal. Express, Inc.,* 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." (citations omitted)).

Here, it is undisputed that, following the hearing panel's October 2007 finding that Plaintiff not be classified as an S-4 sex offender, Plaintiff requested an order reversing the S-4 classification as well as costs and attorney's fees from the Logan County District Court. Response at ¶ 8, docket #65. That request remains pending in a Colo. R. Civ. P. 106 proceeding before the state court.[6] Likewise, in this action, the Plaintiff seeks expungement of the S-4 classification, along with costs and attorney's fees.

Federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is jurisdictional. *See Steel Co. v. Citizens for a Better Env.,* 523 U.S. 83, 100 n. 3 (1998) (distinguishing case cited by dissent in support of hypothetical jurisdiction as decided on "*Younger* abstention, which we have treated as jurisdictional"). Courts address it at the outset because a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge. Indeed, a Court has no power to decide an issue if it lacks jurisdiction. *See id.* at 93,102. Courts may address jurisdictional issues in any order they find convenient. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004).

Pursuant to the *Younger* abstention doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *Unified Sch. Dist. No. 497*, 392 F.3d at 1227-28. If a party is seeking equitable relief, the Court may

---

[6]The Amended Complaint states, in response to a request for the disposition of a prior lawsuit: "Remanded back to C.D.O.C. for New Hearing - Plaintiff re-opens case by Amended Pleading, Pleading asks for costs and fees, Pending final disposition." *See* docket #11 at 10.

dismiss the suit under abstention principles "because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 721 (1996) (quoting *Railroad Com. of Texas v. Pullman Co.*, 312 U.S. 496, 501 (1941) (citation omitted)). Thus, an analysis of abstention principles is warranted here.

> This Court must abstain from exercising jurisdiction if the following conditions are met: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The *Weitzel* conditions are met in this case. First, the parties are involved in ongoing state court proceedings on the same issues. From both the Logan County District Court and this Court, the Plaintiff is seeking reversal of his sex offender classification along with costs and attorney's fees, and Defendants have responded in the state court action where the matter is currently pending. Second, the state court provides an adequate forum for Plaintiffs' claims, because state courts have concurrent jurisdiction over constitutional claims. Finally, the state proceedings involve important state interests in that review pursuant to Colo. R. Civ. P. 106(a)(4) is performed by the state courts of Colorado, and the Logan County District Court in this matter has accepted Plaintiff's amended complaint for review.

Thus, so long as the state proceedings in this matter are pending before the Logan County

District Court, this Court recommends that the District Court abstain from hearing the matter pursuant to *Younger*, and that Plaintiff's claims against Jimerson and Halligan be dismissed without prejudice.

2. *Heck v. Humphrey*

Defendants assert that Plaintiff's claims for damages under Section 1983 are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck,* the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the Section 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* Defendants liken Plaintiff's S-4 classification to a disciplinary conviction and contend that his claims are barred under the Supreme Court's holding in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and its progeny, since Plaintiff has failed to demonstrate that his classification has been reversed.

The Court has found no case law likening an S-4 classification hearing to a disciplinary conviction that is necessarily implicated by the holdings in *Heck* or *Edwards*. Nevertheless, in this case, the Plaintiff alleges that his classification has resulted in the loss of good time credits, and he seeks both expungement of the classification and restoration of his good time credits in addition to compensatory and punitive damages. Docket #11 at 13. The Supreme Court has found that *Heck* applies to any prisoner suit "seeking a judgment at odds with a conviction or with the State's calculation of time to be served in accordance with the underlying sentence," including the loss of earned good time credits. *Muhammed v. Close*, 540 U.S. 749, 754-55 (2004). Therefore, this Court

9

finds that *Heck* applies to the within matter. *See Fistell v. Neet*, 125 Fed. Appx. 219, 225 (10th Cir. 2005).

*Heck* has been characterized by the Supreme Court as holding that where "a prisoner's § 1983 damages action would implicitly question the validity of a conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammed*, 540 U.S. at 751. Therefore, favorable termination is not so much an element of a claim, but a prerequisite to commencement of a Section 1983 action that would call into question the lawfulness of a conviction or confinement, including decisions reached in disciplinary proceedings. The requirement of favorable termination prevents parallel litigation over the issues of probable cause and guilt, and the possible creation of conflicting resolutions arising out of the same or identical transactions. *See Heck*, 512 U.S. at 484.

The Defendants in this case contend that a judgment in favor of the Plaintiff for damages would imply the invalidity of the duration of his sentence as a result of the classification and loss of good time credits. The Court agrees.[7] Because any Section 1983 action for damages in this case would call into question the lawfulness of Plaintiff's confinement, the Plaintiff must demonstrate favorable termination as a prerequisite to commencement of his Section 1983 action for damages.

---

[7]This case is distinguished from those cases in which the plaintiff challenges the conditions of confinement, or challenges both the conditions and the duration of confinement ("mixed sanctions"). *See, e.g., Pollard v. Romero*, No. 07-cv-00399-EWN-KLM, 2008 WL 1826187, *5-6 (D. Colo. Apr. 23, 2008) (plaintiff challenged both loss of earned time credits and administrative segregation decision); *see also Dawkins v. Keith*, No. 07-cv-00741-WDM-KMT, 2008 WL 4001320, *1 (D. Colo. Aug. 27, 2008) (plaintiff challenged administrative segregation decision). In those cases, the Court determined that a stay of the proceedings, rather than dismissal without prejudice, was appropriate to address those challenges (i.e. conditions of confinement) not covered by *Heck*. Here, the Plaintiff challenges only the duration of his confinement.

10

*See Edwards*, 520 U.S. at 648 (if a Section 1983 action would imply the invalidity of depriving an inmate of good time credits, inmate must also show that such deprivation has been previously overturned); *see also Fistell*, 125 Fed. Appx. at 225 (applying *Heck* in the context of a challenge to sex offender classification); *Hampton v. Morton*, 141 F.3d 1184 (Table), 1998 WL 133808 at *1 (10th Cir. Mar. 25, 1998) (applying *Edwards* in determining whether sex offender designation may constitutionally result in removal of good time credits already earned).

Here, the Plaintiff has failed to demonstrate that his S-4 classification has been reversed or expunged; therefore, he may not bring an action for damages under Section 1983 at this time. Moreover, in seeking expungement of his classification and restoration of his earned time credits, the Plaintiff must first pursue his claims in a habeas corpus proceeding. *See Fistell*, 125 Fed. Appx. at 225 (citing *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987)). The Court therefore recommends that Plaintiff's constitutional claims against Jimerson and Halligan be dismissed without prejudice.

B. Ex Post Facto claim

The "ex post facto" law is found in Article I, Section 10, clause 1 of the United States Constitution: "No State shall . . . pass any . . . ex post facto Law." This prohibition forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 4 Wall. 277, 325-26 (1867)). The Plaintiff claims that Defendants violated the ex post facto law by "deliberately misconstruing and misapplying C.R.S. Section 16-11.7-101 through 107." Docket #11 at 7.

Here, the Plaintiff's proffered facts do not support his ex post facto claim. Application of

the S-4 classification has not increased his punishment, nor does the classification criminalize conduct that was legal before its imposition. *See Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237, 1242 (10th Cir. 2000). Thus, because the classification did not affect the legal consequences of Plaintiff's crime or increase his punishment, there is no ex post facto violation. The Court recommends that the District Court dismiss Plaintiff's ex post facto claim against Jimerson and Halligan.

  C. <u>Abuse of Departmental Discretion claim</u>

The Plaintiff contends that Defendants "abused departmental discretion where [they] failed to provide due process of law, where due process is required." Docket #11 at 8. The Court has found no authority for a private cause of action in this respect. Rather, in his Amended Complaint, the Plaintiff refers to a Colorado Court of Appeals case in which the court determined whether a sex offender classification was "quasi-judicial" in nature to allow review under Colo. R. Civ. P. 106(a)(4) by the district court for an abuse of departmental discretion. *See Fisher v. Colorado Dep't of Corrections*, 56 P.3d 1210, 1212 (Colo. App. 2002). It appears from the Amended Complaint that the Plaintiff has mistaken a state court standard of review for a private cause of action. Therefore, since no private cause of action exists for "abuse of departmental discretion," and since the claim appears to be duplicative of the Plaintiff's due process claim, this Court recommends that the District Court dismiss the "abuse of departmental discretion" claim against Jimerson and Halligan.

  D. <u>Physical Harm & Emotional Distress claim</u>

The Plaintiff alleges that, as a result of the S-4 classification, he was "physically assaulted by other inmates and was taken to the Medical Department at Kit Carson Correctional Center and placed in segregation." Docket #11 at 9. Pursuant to the Prison Litigation Reform Act, such

12

allegations of physical harm are necessary to bring a claim for emotional distress damages under Section 1983. *See* 42 U.S.C. § 1997e(e) ("no Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Because Plaintiff's emotional distress and physical injuries arise from the Plaintiff's claims involving his S-4 classification, and because this Court has recommended dismissal of the Plaintiff's claims without prejudice, the Court recommends that the District Court dismiss these claims without prejudice as well.

### III. Motion for Summary Judgment

On April 28, 2008, Plaintiff filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Construing Plaintiff's motion liberally, the Court interprets Plaintiff's request for relief as a motion for entry of default pursuant to Fed. R. Civ. P. 55. However, the Court finds that such relief is not available in this case. The Amended Complaint was served on Defendants on March 19, 2008 through a waiver of service. In accordance with Fed. R. Civ. P. 4(d)(3), Defendants had 60 days after the waiver was sent within which to respond to the Complaint. Defendants, in fact, responded to the Amended Complaint on May 19, 2008, within the required time frame. Consequently, the Court finds that entry of default is not warranted in this matter, and recommends that the District Court deny Plaintiff's motion for summary judgment as moot.

### IV. Conclusion

Therefore, for the reasons set forth herein, this Court respectfully RECOMMENDS that the District Court **grant** the Motion to Dismiss filed by Defendants Jimerson and Halligan [filed May 19, 2008; docket #56] and dismiss Plaintiff's constitutional and emotional distress claims against Jimerson and Halligan without prejudice. Moreover, the Court RECOMMENDS dismissal of

Plaintiff's "ex post facto" and "abuse of departmental discretion" claims against Jimerson and Halligan. In addition, the Court RECOMMENDS that the District Court **deny as moot** Plaintiff's Motion for Summary Judgment [filed April 28, 2008; docket #47].

Dated at Denver, Colorado this 6th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge