**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 07-cv-02574-CMA-MEH

LARRY J. RUSSOM,

    Plaintiff,

v.

JAMES JIMERSON,
JOSEPH HALLIGAN, and
PATRICIA MOSHER,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING JANUARY 6, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Recommendation on Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment (Doc. # 100). Magistrate Judge Hegarty issued his Recommendation on January 19, 2009 (Doc. # 95), and on January 20, 2009, Plaintiff filed timely Objections. (Doc. # 100.)

    The Court has conducted the requisite *de novo* review of the issues raised by Plaintiff's Objections. *See* Fed. R. Civ. P. 72(b)(3). As for those matters for which Plaintiff has not raised an objection, the Court has applied the clear error standard of review. *See Grady v. Edmonds*, 2009 WL 524998, *1 (D. Colo. Mar. 2, 2009) (Ebel, J.); *see also Summers v. Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991) (noting that a district court may review an unchallenged magistrate judge's report under any standard

the court deems appropriate) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)). Based on its review, the Court concludes that Magistrate Judge Hegarty's thorough and comprehensive analyses and recommendations are correct.

Thus, the Court will AFFIRM AND ADOPT Magistrate Judge Hegarty's Recommendation.

### **DEFENDANTS' MOTION TO DISMISS**

Plaintiff pleads five claims for relief: (1) Violation of Due Process; (2) Defamation; (3) *Ex Post Facto* Law; (4) Abuse of Departmental Discretion; and (5) Physical Harm and Emotional Distress. (*See* Doc. # 11.)[1] Each of his claims stem from his classification as an S-4 sex offender by Defendants, who served as hearing panel members for the Colorado Department of Corrections on December 28, 2006. Plaintiff contends that S-4 classification is improper and that Defendants' decision to classify him as such constituted an abuse of their quasi-judicial authority. Plaintiff appealed Defendants' classification by filing a petition for judicial review in state court under Colorado Rule of Civil Procedure 106(a)(4). Plaintiff's Rule 106 suit proved successful, and in August 2007, the Logan County District Court remanded the matter to the hearing panel for reconsideration.

On October 10, 2007, a different hearing panel found that Plaintiff should not be classified as an S-4 offender. Plaintiff filed this lawsuit on December 3, 2007, after the

---

[1] Plaintiff his since withdrawn any "tort" claims he may have alleged. (*See* Doc. # 76.) Thus, the Court need not address Plaintiff's second claim for defamation.

2

second panel decision. Critically, for purposes of this Court's jurisdiction, Plaintiff's state lawsuit in the Logan County District Court, No. 2007cv14, remained pending on December 3, 2007. In fact, prior to filing this lawsuit, Plaintiff had requested that his Rule 106(a)(4) suit be re-opened to amend his complaint to plead a claim for attorneys fees and costs, as well as an order reversing Defendants' classification of Plaintiff as an S-4 offender. On November 13, 2007, the Logan County District Court granted Plaintiff's request to amend his complaint.

On December 20, 2007, after Plaintiff had filed this lawsuit, the Department of Corrections' Central Review Committee overturned the second hearing panel's decision not to classify Plaintiff as an S-4 offender. Plaintiff was informed of this decision on January 23, 2008. He filed the applicable Amended Complaint in this lawsuit shortly thereafter on March 6, 2008.

Defendants move to dismiss each of Plaintiff's claims for various reasons, including lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. (*See* Doc. # 56.) Magistrate Judge Hegarty recommends that Defendants' Motion be granted on the grounds that Plaintiff's Due Process claim violates the doctrines espoused in *Younger v. Harris*, 401 U.S. 37 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994), and his remaining claims, *ex post facto*, abuse of departmental discretion and physical harm/emotional distress, fail to state a claim under Rule 12(b)(6).

**I.      PLAINTIFF'S OBJECTIONS TO *YOUNGER* ABSTENTION**

The Court can discern two distinct objections posed by Plaintiff to Magistrate Judge Hegarty's recommendation.  First, Plaintiff argues that the Attorney General for Colorado, who represents Defendants in this case,[2] conspired with the Department of Corrections Central Review Committee to reverse the second panel decision to avoid liability in Plaintiff's federal and state lawsuits.  Second, Plaintiff contends that he filed this lawsuit during the period between October 10, 2007, and December 20, 2007, when his S-4 classification had been reversed and, therefore, the Court should not abstain under *Younger*.  Neither objection is persuasive.

Regarding the alleged conspiracy between the Colorado Attorney General and the Department of Corrections to re-classify Plaintiff as an S-4 offender to avoid liability, Plaintiff has not presented one iota of evidence that would support such a finding.  Plaintiff has not even shown that the Attorney General knew about Plaintiff's re-classification.  Thus, the Court can easily dismiss this objection.

Plaintiff's second objection requires a short explanation of the *Younger* abstention doctrine.  The basic premise of *Younger* is that a federal court should not interfere with an ongoing state proceeding if the state forum provides the party with an adequate forum to present any federal constitutional challenges.  *See, e.g.,* 401 U.S.

---

[2]  Only Defendants Jimerson and Halligan waived service of process and responded to Plaintiff's Amended Complaint.  Defendant Mosher no longer works for the Department of Corrections and has not been served with process in this matter (Doc. #23.)  Therefore, because the time period for service has expired, the claims against Defendant Mosher should be dismissed.  *See* Fed. R. Civ. P. 4(m).

37, 43 ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."); *see also* 32A Am. Jur. 2d *Federal Courts* §1082 (2009) (noting that *Younger* abstention requires a federal court to abstain from hearing a case that would "disrupt an ongoing state criminal proceeding").  A case falls within the *Younger* doctrine if three requirements are met:  (1)  there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests typically resolved by application of state law.  *See Weitzel v. Division of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Abstention under *Younger* is jurisdictional in nature.  *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004).  If the three requirements are met, and no exceptions to *Younger* apply, a federal court has no choice but to abstain from hearing the case.  *See Weitzel*, 240 F.3d at 875 ("the district court must abstain once the conditions are met").

In this case, each of the *Younger* conditions is satisfied.  First, Plaintiff is involved in an ongoing state proceeding, the Rule 106 lawsuit.  Second, the Rule 106 proceeding provided Plaintiff with a more than adequate forum to defend against the alleged constitutional violations he complains of in this suit.  Third, the determination of Plaintiff's sex offender status implicates important state interests that rely application of state law, rather than federal law, for resolution.

Notably, Plaintiff admits that he filed this lawsuit notwithstanding the fact that he had a pending state court lawsuit in the Logan County District Court seeking largely the same relief he hoped to obtain in this lawsuit – redress for violation of his due process rights.  Thus, Magistrate Judge Hegarty is correct when he notes, "so long as the state proceedings in this matter are pending before the Logan County District Court . . . [this] Court should abstain from hearing the matter pursuant to *Younger* . . . ."  (Doc. # 95 at 9.)  The fact that Plaintiff waited to file this lawsuit until after he received the second hearing, which declined to classify him as an S-4 offender, does not alter the fact that Plaintiff still had a live state court lawsuit that could provide him with remedies similar to the remedies he seeks in this lawsuit.  Accordingly, *Younger* still applies because any action this Court might take would intrude unnecessarily on the Rule 106 proceeding.

Alternatively, Plaintiff requests that this Court stay the proceedings in this matter so that he may retain counsel.  However, Magistrate Judge Hegarty has repeatedly rejected Plaintiff's requests for appointment of counsel (Docs. # 38 & 78) and, in any event, Plaintiff's request for appointment of counsel is not properly before the Court in a separate Motion, so the request will be denied.  *See* D.C.COLO.LCivR 7.1.

**II.    DISMISSAL OF PLAINTIFF'S REMAINING CLAIMS**

On a review of the record, the Court finds no clear error with Magistrate Judge Hegarty's recommendations that Plaintiff's constitutional claims also be dismissed

without prejudice pursuant to the doctrine reflected in *Heck*.³  The Court also agrees that Plaintiff's Physical Harm/Emotional Distress Claim should be dismissed without prejudice because it is inextricably linked to his Due Process claim.

Likewise, the Court discerns no clear error in the Magistrate Judge's recommendation that Plaintiff's *Ex Post Facto* and Abuse of Departmental Discretion claims be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Finally, Magistrate Judge Hegarty recommends that the Court deny Plaintiff's Motion for Summary Judgment as moot.  Plaintiff did not file any objection to this recommendation.  On a review for clear error, the Court agrees with Magistrate Judge Hegarty that Plaintiff's Motion for Summary Judgment should probably be treated as a motion for default judgment.

However, as Magistrate Judge Hegarty pointed out, Defendants waived service under Federal Rule 4(d).  Thus, Defendants had 60 days, instead of the usual twenty days to respond to Plaintiff's Amended Complaint.  *See* Fed. R. Civ. P. 4(g).  Plaintiff filed his Amended Complaint on March 19, 2008 and Defendants responded on May 19, 2008.  Since 60 days fell on May 18, 2008, a Sunday, Defendants timely responded

---

³ *Heck* holds that if a judgment for damages in a § 1983 action would necessarily imply the invalidity of a criminal conviction or sentence, the § 1983 claim does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by issuance of a federal habeas writ.  *See* 512 U.S. at 486-87.

under the Federal Rules by filing on the next business day.  Finding no other basis for summary judgment in Plaintiff's favor, the Court agrees with Magistrate Judge Hegarty that Plaintiff's Motion should be denied.

## CONCLUSION

Under the *Younger* doctrine, this Court must abstain from hearing Plaintiff's first and fifth claims for relief.  Moreover, Plaintiff's third and fourth claims do not state a claim upon which relief can be granted.  The Court also finds that default judgment against Defendants is unwarranted because they responded to Plaintiff's Amended Complaint within the time allotted by the Federal Rules.  In short, the Court agrees with Magistrate Judge Hegarty's analysis.

Accordingly, Plaintiff's Objections (Doc. # 100) are OVERRULED and Magistrate Judge Hegarty's Recommendation (Doc. # 95) is AFFIRMED AND ADOPTED.

IT IS FURTHER ORDERED that Plaintiff's first and fifth claims are DISMISSED WITHOUT PREJUDICE and Plaintiff's third and fourth claims are DISMISSED WITH PREJUDICE.  Therefore, this case is DISMISSED in its entirety.

DATED:  July   8  , 2009

BY THE COURT:

*/s/ Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge